## A93A1910. RIDER v. THE STATE.
(437 SE2d 493)

BLACKBURN, Judge.

A jury found defendant Anthony Rider guilty of assault. Rider now appeals his conviction asserting the general grounds, and error in the imposition of restitution.

1. Rider's first two enumerations of error deal with the sufficiency of the evidence. The facts were contested; however, "[o]n appeal we must view the evidence in the light most favorable to the verdict. . . ." *Harmon v. State*, 208 Ga. App. 271, 272 (430 SE2d 399) (1993).

Rider and his co-defendant, Bobby Duane Smith,[1] were indicted for aggravated assault based on an incident in which Charles Daniels was shot. Daniels testified that he was asleep when Rider and Smith pulled into his driveway on the night of the incident. Daniels went to the door and recognized both Rider and Smith.[2] Daniels asked Rider what Rider was doing in his yard, to which Rider stated he had "come to whip [Daniels'] a—." Daniels requested that they leave his yard. However, Rider walked onto the porch, where Daniels was standing, and said he was not going to leave until he had "whipped Daniels' a—." At this point, Smith was standing several feet behind Rider in the front yard. Daniels went into his house and locked the door. Thereafter, someone kicked and pounded on his door, "hard enough to make it look like it was coming off its hinges." Daniels threatened

---

[1] Smith was found guilty of aggravated assault and is not involved in this appeal.

[2] Smith and Daniels were friends, however, Rider and Daniels were not friends. In fact, Rider previously had sworn out a warrant for trespass against Daniels. Additionally, on the previous day, Rider had thrown an object at Daniels' truck, damaging the front windshield.

to call the police, but instead, he went back outside to confront Rider, who was still on the porch. Daniels then hit Rider knocking him to the ground. Smith eventually got involved on behalf of Rider and knocked Daniels to the ground. Daniels testified that he saw Rider headed toward the road beside the car. Thereafter, Daniels and Smith exchanged gunfire in which Daniels was seriously injured.

OCGA § 16-5-20 provides that the offense of simple assault is committed when a person either: "(1) Attempts to commit a violent injury to the person of another; or (2) Commits an act which places another in reasonable apprehension of immediately receiving a violent injury." "[P]roof that the victim has been placed in apprehension of immediately receiving a violent injury need not necessarily be solely by reason of the victim's testimony of his mental state but may be inferred from the conduct of the victim such as when he retreats to secure his safety. [Cits.]" *Hurt v. State*, 158 Ga. App. 722, 723 (282 SE2d 192) (1981).

Daniels' testimony regarding Rider's threats and Rider's proximity to Daniels at the time Daniels retreated into his house, combined with the kicking on the door "hard enough to make it look like it was coming off its hinges," presents sufficient evidence to support a conviction of simple assault. Whether Rider actually was able to hit Daniels is of no consequence. On appeal "[Rider] no longer enjoys the presumption of innocence, and we do not weigh the evidence nor judge the credibility of the witnesses. Further, we do not speculate which evidence the jury chose to believe or disbelieve." (Citations omitted.) *Harmon*, supra at 272.

2. In his third enumeration of error, Rider asserts that the trial court erred by ordering him to pay restitution for Daniels' injuries from the gunshot wounds inflicted by Smith.

Rider and Smith were indicted for aggravated assault; however, the trial court directed a verdict of acquittal as to Rider on aggravated assault, but left Rider in the case on the lesser included offense of assault. Daniels testified that the only injuries he received were as a result of the gunshot wounds inflicted by Smith. The State argues that restitution is proper because a reasonable trier of fact could conclude that the two co-defendants, Rider and Smith, had a mutual intent to commit an assault on Daniels and, therefore, Rider could be held responsible for the actions of Smith. We would agree with the State, had the trial court not granted a directed verdict of acquittal as to Rider on the aggravated assault charge. Because Rider was acquitted of the aggravated assault, the acts which caused the injuries, he cannot be held responsible for damages arising out of the aggravated assault. "The trial court was authorized to order [Rider] to make restitution only to the extent that [Daniels] may have suffered 'damages' as the result of [Rider's] acts. . . ." *Bottoms v. State*, 194 Ga. App.

862, 863 (392 SE2d 59) (1990).

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 8, 1993.

*Daniel J. Sammons, Michael E. Neidenbach*, for appellant.
*Lydia Sartain, District Attorney, Lee Darragh, Assistant District Attorney*, for appellee.