## A08A1866. WHATLEY v. THE STATE.

(673 SE2d 510)

JOHNSON, Presiding Judge.

A jury found Marcus Levar Whatley guilty of obstruction of a police officer, simple battery against a police officer, and riot in a penal institution.[1] Whatley appeals the trial court's denial of his motion for a new trial, alleging that the trial court erred in allowing the state to impeach each of his defense witnesses with evidence of

---

[1] The convictions for obstruction and battery were merged into the riot conviction for sentencing purposes.

their prior convictions without following the requirements of OCGA § 24-9-84.1 (a) and in denying his motions for a continuance and a mistrial. Whatley also claims that the evidence was insufficient to sustain his convictions. Finding no reversible error, we affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence.[2] We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt of the charged offenses.[3]

So viewed, the record shows that on March 9, 2005, Whatley was in the lawful custody of the Floyd County jail. When an officer opened the door to the cell pod where Whatley was housed, he found Whatley "standing under the door jamb . . . with his feet outside the door of the pod." Whatley was demanding that he be allowed to use the telephone.

The officer told Whatley to move back, and the officer then stepped past Whatley into the pod so that the automatic door would close behind them. After Whatley continued to demand use of the telephone and ignored the officer's demands to step back, the officer told Whatley to get against the wall with his hands behind his back so that he could be handcuffed. The officer claimed Whatley responded by first taking a swing at him and then charging him so that both of them landed on the floor. The officer managed to get on top of Whatley and was holding him down when several other officers arrived to assist him.

Whatley called five witnesses, each of whom disputed the police officer's testimony. Those witnesses testified that Whatley never threw any punches at the police officer and that the officer knocked or threw Whatley to the floor. The state impeached each of the witnesses with evidence of their multiple prior convictions, which, respectively, were for (i) providing a false name to a police officer, driving with a suspended license, and reckless driving; (ii) entering an automobile, theft by taking, burglary, and violations of the Georgia Controlled Substances Act; (iii) shoplifting and violations of the Georgia Controlled Substances Act; (iv) obstruction of a police officer and aggravated battery; and (v) forgery, providing a false name to a police officer, and violations of the Georgia Controlled Substances Act. All of these crimes are punishable by imprisonment for at least one year.

---

[2] *Johnson v. State*, 279 Ga. App. 153, 154 (630 SE2d 661) (2006).

[3] *Jackson v. Virginia*, 443 U. S. 307, 318-319 (99 SC 2781, 61 LE2d 560) (1979).

1. Whatley claims that the trial court erred in allowing the state to impeach his witnesses without following the requirements of OCGA § 24-9-84.1 (a) (1). Since 2005, that statute has provided that, for the purpose of attacking the credibility of a witness:

> Evidence that a witness has been convicted of a crime shall be admitted if the crime was punishable by death or imprisonment of one year or more . . . if the court determines that the probative value of admitting the evidence outweighs its prejudicial effect to the witness.[4]

The record shows that the trial court failed to follow this statutory procedure, however, and expressly refused to engage in the required balancing test. When Whatley's trial counsel sought to prevent the admission of evidence of prior convictions and objected that "the prejudicial effect outweighs the probative value[,]" the trial court responded that "[t]hat's not a valid objection" and told her that the relevant question is whether "the offenses involve moral turpitude." The trial court later admitted evidence of additional convictions after finding that they were "crimes of moral turpitude" and overruling counsel's objection regarding the required balancing test between probative value and prejudicial effect.

We therefore find that the trial court erred by expressly refusing to consider the balancing test it was required to apply under OCGA § 24-9-84.1 (a) (1). In order to have reversible error, however, there must be harm as well as error, "and the lack of evidence of both error and harm renders the enumeration of error meritless."[5] For the reasons set forth below, we find the trial court's error harmless.

First, several of the convictions, such as those for forgery and presenting a false name to a police officer, involved dishonesty or making a false statement, and evidence of those convictions was therefore admissible pursuant to OCGA § 24-9-84.1 (a) (3). Second, in order to exclude the evidence of each witness' other convictions pursuant to OCGA § 24-9-84.1 (a) (1), Whatley would have to show that the probative value of admitting the evidence outweighs its prejudicial effect *to the testifying witness*. Here, however, no evidence indicated that such admission would result in any prejudice. The witnesses were presented by Whatley's trial counsel as fellow inmates at the jail, and no prejudice to either the witnesses or Whatley

---

[4] OCGA 24-9-84.1 (a) (1); see also OCGA § 24-9-84.1 (a) (3) (providing that "[e]vidence that any witness . . . has been convicted of a crime shall be admitted if it involved dishonesty or making a false statement, regardless of the punishment that could be imposed for such offense").

[5] *Inman v. State*, 281 Ga. 67, 73 (5) (635 SE2d 125) (2006).

resulted from the jury discovering the nature of the crimes, as described above, that the witnesses had committed prior to being incarcerated. Similarly, no prejudice resulted when the trial court inadvertently failed to redact evidence of two of the crimes, as listed on an exhibit, despite its erroneous conclusion that such evidence was inadmissible because they were not crimes of moral turpitude.

2. Whatley also claims that the trial court erred in denying his motion for a continuance so that he could review the personnel file of the officer involved in the altercation. We disagree.

A motion for continuance is addressed to the sound discretion of the trial court, and this Court will not interfere unless it is clearly shown that the trial court abused its discretion.[6] Here, Whatley's motion for a continuance to review the file was made on the first day of trial, after his counsel announced ready. In response, the trial court reviewed the officer's personnel file in camera and determined that it did not contain any evidence relevant to Whatley's defense. As a result, the trial court did not abuse its discretion in denying Whatley's motion.[7]

3. Whatley also claims that the trial court erred in denying his motion for a mistrial after the state commented during closing argument (i) that none of Whatley's witnesses could testify as to "what anybody did to start anything," (ii) that Whatley attacked the police officer for "no reason," and (iii) that the jury's verdict "will be known at the jail." Again, we find no error.

Whatley first complains that the statements regarding the start and reason for the altercation violated OCGA § 17-8-75, which provides that when "counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same." This statute, however, concerns the introduction of facts not in evidence; it does not prevent the state from "commenting on and drawing deductions from the evidence."[8]

Here, the police officer whom Whatley assaulted testified that the attack was unprovoked. The state also questioned Whatley's witnesses regarding where they were when the altercation took place, and even the witnesses who claimed to see the altercation in its entirety admitted that they could not hear the words exchanged between Whatley and the officer. Moreover, even if Whatley's witnesses had testified as to the reasons for the altercation, the state was free to challenge the credibility of that testimony during closing

---

[6] OCGA § 17-8-22; see also *Gignilliat v. State*, 196 Ga. App. 773 (2) (397 SE2d 52) (1990).
[7] Id.
[8] *Elliott v. State*, 275 Ga. App. 359, 362 (2) (620 SE2d 584) (2005).

argument.[9] While Whatley objects to the statements made by the state as "improperly characteriz[ing] the evidence," the statements did not introduce new facts but merely commented on the evidence presented to the jury, and they do not require granting Whatley a new trial.[10]

Whatley also claims that he was entitled to a mistrial based on the state's assertion that the jury's verdict "will be known at the jail" because the statement was inflammatory and prejudicial. Immediately after Whatley objected to that statement, however, the trial court instructed jurors that they were "not responsible for the result of their verdict" and that "[t]heir job is to determine [Whatley's] guilt or innocence. . . ." The trial court later instructed the jury that any statements made by counsel during closing argument were not to be considered as evidence. Given that a mistrial will be granted based on an improper closing statement only when "it is clear that the action taken [by the trial court] did not eliminate the statement from the jury's consideration," Whatley is not entitled to a mistrial based on the state's comment.[11]

4. Finally, Whatley argues that the evidence was insufficient to sustain his convictions. However, it is the function of the jury to determine the credibility of witnesses and weigh any conflict in the evidence, and the testimony of a single witness is generally sufficient to establish a fact.[12] As a result, the testimony of the police officer who was involved in the altercation with Whatley provided sufficient evidence for the jury to convict him.[13]

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED JANUARY 28, 2009 —
RECONSIDERATION DENIED FEBRUARY 13, 2009.

*Kenneth W. Sheppard*, for appellant.
*Leigh E. Patterson, District Attorney, Finnis K. Salmon, Assistant District Attorney*, for appellee.

---

[9] See, e.g., *Harris v. State*, 280 Ga. 372, 375 (3) (627 SE2d 562) (2006).

[10] See *Elliott*, supra.

[11] (Citation and punctuation omitted.) *Billups v. State*, 234 Ga. App. 824, 829 (2) (507 SE2d 837) (1998).

[12] OCGA § 24-4-8; *Dixon v. State*, 285 Ga. App. 211, 212 (1) (645 SE2d 692) (2007).

[13] See OCGA §§ 16-10-24 (b); 16-5-23 (e); 16-10-56 (a).