A09A1616. ZIPPERER v. THE STATE.
(683 SE2d 865)

ELLINGTON, Judge.

Following a jury trial in which the State alleged that Rene Zipperer had side-swiped another vehicle with her truck and then left the scene of the accident, a Chatham County jury found Zipperer guilty of leaving the scene of an accident, OCGA § 40-6-270 (a), but acquitted her of failure to maintain a lane, OCGA § 40-6-48 (1). She appeals from the denial of her motion for new trial, contending that the trial court erred in prohibiting a character witness from testifying on her behalf and in ordering her to pay restitution for damages to the other driver's car. For the following reasons, we affirm her conviction, but vacate the court's restitution order and remand the case for resentencing.

Viewed in the light most favorable to the jury's verdict,[1] the evidence showed that, on April 18, 2007, Zipperer was driving her dump truck on a Savannah street where ongoing construction forced drivers to merge into a single, left-hand lane. As Zipperer drove in that lane, another driver attempted to merge left into the same lane. According to the other driver, Zipperer's truck side-swiped her car as she was merging and broke off her driver's side mirror. Zipperer did

---

not stop, even though the other driver followed Zipperer's truck while yelling out the window and honking her horn. When Zipperer stopped at a red light, the other driver got out of her car, knocked on Zipperer's door, asked her why she did not stop, and tried to block the truck from moving. Zipperer drove around the driver, who then called the police. An officer stopped Zipperer shortly thereafter. When asked about the collision, Zipperer told the officer that she had seen the other vehicle try to merge into her lane, but she did not hit the vehicle. At trial, Zipperer also denied hitting the vehicle with her truck.

1. Zipperer contends that the court erred in prohibiting her from calling a character witness. The potential witness had been in the jury panel and had participated in voir dire, but had not been picked for the jury. The trial transcript shows that, when Zipperer's counsel attempted to call the witness, the prosecutor alerted the judge that the witness had been part of the jury pool. The judge then stated that he was not going to allow the witness to testify unless Zipperer's counsel had subpoenaed him prior to trial. When counsel responded that the witness had not been subpoenaed, the judge ruled that the witness would not be allowed to testify. Zipperer's counsel did not object to the ruling, and the witness was dismissed from the courtroom.

Pretermitting whether the court erred when it prohibited the witness from testifying because he had been part of the jury pool or because he had not been subpoenaed, Zipperer's counsel acquiesced to the ruling, so this alleged error has been waived. "No matter how erroneous a ruling of the trial court might be, a [defendant] cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal. [The defendant] must stand his [or her] ground. Acquiescence deprives [the defendant] of the right to complain further." (Citations and punctuation omitted.) *Smith v. State*, 259 Ga. App. 736, 739 (3) (578 SE2d 295) (2003).

Moreover, even if counsel had raised a timely objection, Zipperer did not produce the witness or the witness' affidavit at the hearing on her motion for new trial and, therefore, she failed to present any probative evidence that the witness would have testified for the defense at trial and that his testimony would have been helpful to her defense. *Strong v. State*, 275 Ga. 465, 466 (2) (a) (569 SE2d 523) (2002). Thus, she has failed to demonstrate any prejudice that resulted from the court's exclusion of the witness. Id.; see *Whatley v. State*, 296 Ga. App. 72, 74 (1) (673 SE2d 510) (2009) (in order to demonstrate reversible error, the defendant must show both error and harm resulting therefrom).

2. Zipperer argues that the trial court erred in ordering her to pay $574.08 in restitution to the other driver for the damage to her

car that allegedly resulted from the collision. We agree.

OCGA § 17-14-9 provides that "[t]he amount of restitution ordered shall not exceed the victim's damages." For purposes of restitution, OCGA § 17-14-2 (2) defines damages as "all . . . damages which a victim could recover against an offender in a civil action . . . *based on the same act or acts for which the offender is sentenced. . . .*" (Emphasis supplied.)

In this case, the uncontradicted evidence showed the damage to the other vehicle was solely attributable to the collision between the cars. It follows that Zipperer's failure to stop after the collision neither caused nor contributed to the damage to the other vehicle. Although the jury found Zipperer guilty of failing to stop after the collision, it found her not guilty of failing to maintain a lane, the offense which the State had alleged was the cause of the collision. Thus, the court's sentence on Zipperer's conviction for failure to stop after the collision could not, as a matter of law, include restitution for damages that were not caused by her failure to stop. See *Smith v. State*, 292 Ga. App. 689, 690-691 (665 SE2d 399) (2008) (when sentencing the defendant for forgery in the first degree, the court was not authorized to order the defendant to pay for damages that were solely caused by a prior burglary in an adjacent county).

Further, even though Zipperer's counsel waived a restitution hearing and stipulated to the amount of damage to the other driver's car, such actions do not waive appellate review of the legality of the restitution order.

> A sentence or portion thereof that is unauthorized by law is a nullity and void. Thus, where no law authorizes the imposition of restitution ordered in a sentence, . . . that portion of the sentence is void. A void sentence may be so held in any court where it becomes material to the interest of the parties to consider it, regardless of a lack of objection in the trial court.

(Citations and punctuation omitted.) *Sumner v. State*, 284 Ga. App. 308, 312-313 (1) (643 SE2d 831) (2007) (the defendant's consent to an otherwise void restitution order did not waive the appeal of the order). It follows that "[a] defendant's acquiescence to an illegal sentence, either through plea negotiations or a failure to object to the sentence, cannot render an otherwise illegal sentence valid through waiver. That is because a void sentence in law amounts to no sentence at all." (Citations, punctuation and footnote omitted.) *Smith v. State*, 292 Ga. App. at 691.

Consequently, we vacate Zipperer's sentence as to the order for restitution only and remand the case to the trial court for resentencing.

*Judgment affirmed in part and vacated in part, and case remanded for resentencing. Johnson, P. J., and Mikell, J., concur.*

DECIDED AUGUST 20, 2009.

Joshua J. Campbell, for appellant.

Larry Chisolm, District Attorney, Sarah L. Moorhead, Assistant District Attorney, for appellee.