## S11A0158. BASS v. THE STATE et al.

(709 SE2d 767)

THOMPSON, Justice.

Bass was indicted for aggravated assault and escape prior to conviction. He pled guilty and was sentenced to ten years on probation for the escape charge. Bass filed a petition for habeas corpus raising various claims, including a claim that the sentence for escape was invalid because it was outside the statutory range. The habeas court denied the petition and Bass applied to this Court for a certificate of probable cause to appeal. We granted Bass' application and posed this question: Did the habeas court err in holding that petitioner's sentence of ten years on probation for escape fell within the statutory range?

Because Bass was charged with escape from lawful custody *prior to conviction* of any offense, the maximum sentence was five years. OCGA § 16-10-52 (b) (2). It follows that the sentence imposed on Bass, ten years on probation, was illegal and void. *Crumbley v. State,* 261 Ga. 610, 611 (1) (409 SE2d 517) (1991) (sentence is void if it imposes punishment the law does not allow). See also *Zipperer v. State,* 299 Ga. App. 792, 794 (2) (683 SE2d 865) (2009) (because an illegal sentence is tantamount to no sentence, a defendant's acquiescence to such a sentence, either through plea negotiations or a failure to object, cannot render the sentence valid). The habeas court erred in failing to rule accordingly.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 18, 2011.

Patrick Bass, *pro se.*

*Peter J. Skandalakis, District Attorney, Robert N. Peterkin, Assistant District Attorney,* for appellees.