## A11A1774. ELSASSER v. THE STATE.

(722 SE2d 327)

MCFADDEN, Judge.

A jury found Brian Elsasser guilty of two counts of simple battery, as lesser included offenses of aggravated battery, criminal damage to property in the second degree and disorderly conduct. The trial court ruled that the two simple battery counts merged for purposes of sentencing and imposed a total sentence of twelve months to serve in a work-release program, followed by six years on probation. The trial court also ordered restitution as part of the sentence, requiring Elsasser to pay the victim's medical expenses. Elsasser appeals, challenging the restitution order and the denial of a motion for directed verdict of acquittal on the criminal damage to property charge. Because the trial court did not clearly err in imposing restitution and there was sufficient evidence to support the criminal damage to property verdict, we affirm.

1. "On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and [the] appellant no longer enjoys the presumption of innocence." (Citation omitted.) *Jordan v. State*, 281 Ga. App. 419 (636 SE2d 151) (2006). We do not weigh the evidence or judge the credibility of witnesses, but determine only if there is sufficient evidence from which a rational trier of fact could have found the appellant guilty of the charged offense beyond a reasonable doubt. *Self v. State*, 288 Ga. App. 77, 77-78 (653 SE2d 787) (2007). We review the denial of a motion for directed verdict of acquittal under the same standard. Id. at 78; *Jordan*, supra.

So viewed, the evidence shows that on the night of September 27, 2008, Elsasser, accompanied by three other men, went to the home of Brad Prater to confront Prater about his accusations that Elsasser had committed a rape. As Elsasser and Prater talked, a fight ensued between the two men, during which Prater was hit and wrestled to the ground. Prater was kicked multiple times on the head and face, suffering a broken jaw and other injuries. Prater believed that more than one person was kicking him, but he could not see who was actually kicking him. Before Elsasser and the others left the scene, a piece of lumber was used to smash in three windows of a truck owned by Prater's uncle.

Elsasser argues that the trial court erred in denying his motion for a directed verdict of acquittal as to the charge of criminal damage to property in the second degree because the state failed to introduce sufficient evidence of the amount of damage to the truck. The argument is without merit.

> In order to sustain a conviction for criminal damage to property in the second degree, the State was required to offer probative evidence which would sufficiently allow the factfinder to conclude [that Elsasser] intentionally caused in excess of $500 damage to the property of another person without that person's consent. One proper method for proving the value of the damage is evidence of the cost to repair the property.

(Citations and punctuation omitted.) *Polite v. State*, 273 Ga. App. 235, 237 (2) (614 SE2d 849) (2005). In this case, the owner of the truck testified that he paid to have his broken windows repaired and that he paid the amount shown on the repair bill. The bill for $780.15 was introduced into evidence, as were photographs of the damaged vehicle. The owner's testimony that he paid the full amount of the repair bill "was from his own personal knowledge. He was not stating his opinion as to value but was stating a fact." (Citation and punctuation omitted.) Id. "From this fact and from the photographs [and the repair bill], the jury had sufficient evidence to determine that the damage was in excess of [$500]." (Citations and punctuation omitted.) *Holbrook v. State*, 168 Ga. App. 380, 381 (1) (308 SE2d 869) (1983). Because there was sufficient evidence to support the jury's verdict, the trial court did not err in denying the motion for a directed verdict of acquittal. See *Leeks v. State*, 281 Ga. App. 274, 275 (1) (635 SE2d 878) (2006) (sufficient evidence that damage to car exceeded $500 where victim testified cost of repairs was $946.74). Compare *Johnson v. State*, 156 Ga. App. 411, 412-413 (2) (274 SE2d 778) (1980) (truck owner's opinion of the cost to replace broken windows insufficient where he had not obtained an estimate of the actual repair cost).

2. Elsasser contends that the trial court erred in ordering him to pay restitution for medical costs associated with Prater's injuries. We disagree.

> OCGA § 17-14-9 provides that the amount of restitution ordered shall not exceed the victim's damages. For purposes of restitution, OCGA § 17-14-2 (2) defines damages as all damages which a victim could recover against an offender in a civil action based on the same act or acts for which the offender is sentenced.

(Citations, punctuation and emphasis omitted.) *Zipperer v. State*, 299 Ga. App. 792, 794 (2) (683 SE2d 865) (2009). In the instant case, Elsasser was convicted of simple battery for the attack on Prater. As OCGA § 16-5-23 (a) provides, and as the trial court charged the jury,

a person commits the offense of simple battery when he intentionally makes physical contact of an insulting or provoking nature with the person of another or intentionally causes physical harm to another. Thus, the trial court was authorized to order Elsasser to pay restitution for damages caused by his simple battery of the victim. "[P]roximate cause is a question of fact for the factfinder. [Cit.] The trial court found as fact that the victim was injured by and has incurred costs as the result of [Elsasser's] criminal behavior toward [him], and this finding is not clearly erroneous." *Dorsey v. State*, 206 Ga. App. 709, 715 (8) (426 SE2d 224) (1992).

Elsasser's reliance on *Rider v. State*, 210 Ga. App. 802, 803 (2) (437 SE2d 493) (1993), to argue that he cannot be held liable for any restitution because he was acquitted of aggravated battery, is misplaced. In *Rider*, the only injuries suffered by the victim resulted from gunshots inflicted by Rider's co-defendant, who was convicted of aggravated assault while Rider was acquitted of that offense. Because Rider was acquitted of the specific acts which caused the victim's injuries, we held that he could not be held responsible for damages arising out of those acts.

Although Elsasser was acquitted of aggravated battery, as recounted above, he was convicted of the lesser included offense of simple battery for the attack on Prater. Thus, unlike the defendant in *Rider*, Elsasser was not acquitted of all acts that caused the victim's injuries. Even if, as Elsasser suggests, others at the scene may have also kicked the victim, that does not negate Elsasser's liability for damages caused by his role in the attack since "[t]here can be more than one proximate cause of an injury[.]" (Citation omitted.) *Dorsey*, supra. Indeed, "[i]t is clear that the victim would be able to recover the amount of all medical treatment related to [Elsasser's simple battery]." *Crozier v. State*, 233 Ga. App. 831, 832 (2) (506 SE2d 139) (1998).

Elsasser's further argument that the trial court erred in failing to sua sponte consider OCGA § 51-12-33, concerning the apportionment of an award in a civil action, was not raised in the trial court and is an improper attempt to expand his enumerated errors. See *Felix v. State*, 271 Ga. 534, 539, n. 6 (523 SE2d 1) (1999) ("[A]n appealing party may not use its brief to expand its enumeration of errors by arguing the incorrectness of a trial court ruling not mentioned in the enumeration of the errors. [Cits.]"). Furthermore, we note that restitution is a penalty to be determined by the court in a criminal case and is not synonymous with civil damages. *Crozier*, supra at 832 (2). The statutory framework for restitution in criminal cases is not found in the tort statutes, but is set forth in OCGA § 17-14-1 et seq., and the factors that a court must consider in determining the amount of restitution are found in OCGA § 17-14-10. Because it is undisputed

that the trial court's order of restitution for medical costs did not exceed the amount of costs incurred by the victim, the order was not erroneous. See OCGA § 17-14-9 (amount of restitution ordered may be equal to or less than, but not more than, the victim's damages).

3. We also find no error in the trial court allowing Elsasser to pay the full amount of restitution over the course of his entire probated sentence. Indeed, if an offender is placed on probation, ordered restitution shall be a condition of that probation, sentence or order. OCGA § 17-14-3 (b). Moreover, "sentencing judges [have] broad discretion in fashioning appropriate conditions of probation, tailored to the individual defendant's circumstances as well as the interests of society and the victim. [Cit.]" *Staley v. State*, 233 Ga. App. 597, 598 (505 SE2d 491) (1998). Here, the trial court did not abuse that discretion since allowing Elsasser to pay the significant amount of restitution over the course of his probation was "a commonsense approach . . . in view of the [admittedly] limited resources of the defendant." *Biddy v. State*, 138 Ga. App. 4, 7 (4) (225 SE2d 448) (1976).

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED DECEMBER 8, 2011 —
RECONSIDERATION DENIED JANUARY 25, 2012 ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Kristin I. Patten, Mark A. Begnaud, H. Bradford Morris, Jr.*, for appellant.

*Lee Darragh, District Attorney, Kathleen J. Devine, Assistant District Attorney*, for appellee.