## A11A2148. PHILLIP v. THE STATE.

(721 SE2d 214)

ELLINGTON, Judge.

Ossia Phillip appeals from the trial court's order denying his motion to correct a void sentence on the basis that the motion was untimely. Because the record shows that Phillip's sentence was, indeed, void, we reverse the court's order, vacate the sentence, and remand this case for resentencing.

The record shows that, in September 2009, Phillip entered a nonnegotiated guilty plea to fourteen counts of dogfighting, OCGA § 16-12-37 (b), and two counts of aggravated cruelty to animals, OCGA § 16-12-4 (c). The trial court sentenced Phillip to seventeen years imprisonment, with ten to serve; the final judgment includes the phrase "each ct. [sic] concurrent." In July 2010, Phillip filed a motion to correct a void sentence, asserting that his sentence is void because it exceeds the maximum of five years imprisonment for each count.[1] He argued that, because the judgment indicates that each sentence is to run concurrently with the others, his 17-year sentence exceeds the maximum statutory punishment for the offenses and is, therefore, illegal and void. The trial court denied the motion on the basis that it was filed outside the term of court in which the sentencing occurred and, as a consequence, the court lacked jurisdiction to vacate the sentence. Phillip appeals, contending that his sentence is void and, therefore, the court erred in concluding that it lacked jurisdiction over his motion to vacate the sentence. We agree.

Generally, "[a] trial court has no jurisdiction to modify a sentence after the term of court ends or 60 days pass. Where a sentence is void, however, the court may resentence the defendant at any time. A sentence is void if the court imposes punishment that the law does not allow." (Citations omitted.) *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991). Moreover, "a defendant's acquiescence to an illegal sentence, either through plea negotiations or a failure to object to the sentence, cannot render an otherwise illegal sentence valid through waiver. That is because a void sentence in law amounts to no sentence at all." (Citation and punctuation omitted.) *Zipperer v. State*, 299 Ga. App. 792, 794 (2) (683 SE2d 865) (2009). Thus, "[a] void sentence may be so held in any court where it becomes material to the interest of the parties to consider it, regardless of a lack of objection in the trial court." (Citation and

---

[1] See OCGA §§ 16-12-4 (c) (the sentence for a first conviction for aggravated cruelty to animals is one to five years of imprisonment and/or a fine of not more than $15,000); 16-12-37 (b) (the sentence for a first conviction for dogfighting is one to five years of imprisonment and/or a fine of not less than $5,000). It is undisputed that Phillip had not been convicted of either dogfighting or aggravated cruelty to animals before the instant sentence was imposed.

punctuation omitted.) Id.

As shown above, the maximum prison sentence for each count of the indictment is five years. It follows that the sentence imposed on Phillip, 17 years of imprisonment with all counts to run concurrently,[2] is illegal and void.[3] *Bass v. State*, 289 Ga. 101 (709 SE2d 767) (2011); *Crumbley v. State*, 261 Ga. at 611 (1). Accordingly, the trial court erred in finding that it lacked jurisdiction to consider Phillip's motion to vacate his sentence. *Crumbley v. State*, 261 Ga. at 611 (1); *Zipperer v. State*, 299 Ga. App. at 794 (2). Thus, the court's order is reversed, Phillip's sentence is vacated, and this case is remanded to the trial court for resentencing.

*Judgment reversed, sentence vacated, and case remanded. Miller, P. J., and Doyle, J., concur.*

DECIDED DECEMBER 14, 2011.

Ossia Phillip, *pro se.*

*Paul L. Howard, Jr., District Attorney, David K. Getachew-Smith, Assistant District Attorney*, for appellee.

---

[2] See OCGA § 17-10-10 (a) ("Where at one term of court a person is convicted on more than one indictment or accusation, or on more than one count thereof, and sentenced to imprisonment, the sentences shall be served concurrently unless otherwise expressly provided therein.").

[3] In its brief, the State contends that the sentence was not void, but it concedes that the "disposition sheet was not correctly completed to reflect the intent of the court to sentence [Phillip] on each count . . . within the range provided by law[.]" It does not, however, oppose remanding this case to the trial court to "clarify" Phillip's sentence.