**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**August 16, 2023**

# In the Court of Appeals of Georgia

A23A0775. SIMMONS v. THE STATE.

DILLARD, Presiding Judge.

Bradley Simmons entered into a negotiated guilty plea to a charge of sexual battery in 2018, and the trial court sentenced him to serve five years in prison. Two years later, he filed a motion to set aside or correct a void sentence, arguing that his sentence violated OCGA § 16-6-22.1 (c). After a hearing, the trial court denied the motion. Simmons now appeals that ruling. And for the following reasons, we vacate his sentence and remand this case to the trial court for resentencing.

On June 6, 2016, the State charged Simmons, via indictment, with child molestation and sexual battery. The child-molestation charge (Count 1) alleged that on February 10, 2016, Simmons "did commit an indecent act to [B. H.], a child under the age of 16 years, with the intent to satisfy the sexual desires of himself by rubbing

his penis on the child's buttocks . . . ." The sexual-battery charge (Count 2) concerned a different victim and alleged that, on the same day, Simmons "did intentionally make physical contact with the intimate parts of the body of [K. H.], without consent of said person, by fondling the victim's vagina . . . ."

Then, on February 26, 2018 (following negotiations with the State), Simmons agreed to plead guilty to the sexual-battery charge, and the State agreed to *nolle pros* the child-molestation charge. During the plea hearing, the trial court approved the negotiated guilty plea, determined that Simmons's guilty plea was knowing and voluntary, and recounted the facts alleged in the indictment's sexual-battery charge. Simmons admitted to the facts as charged in Count 2 and pleaded guilty, after which the trial court imposed the sentence of five years agreed to by the parties.

More than two years later, Simmons filed a motion to set aside a void sentence. In doing so, he argued that his five-year sentence for felony sexual battery was void because the victim (K. H.) was not under the age of 16 at the time the offense occurred; and as a result, he should have been sentenced for misdemeanor sexual battery. The trial court then held a hearing on the matter, prior to which Simmons and the State filed a joint stipulation that K. H.'s date of birth was April 11,

1999—meaning that K. H. was 16 years old on the date of the offense alleged in the indictment.

During the hearing, the State argued that there had possibly been a misunderstanding as to whether Simmons was pleading guilty to sexual battery as a lesser-included offense to the child-molestation charge in Count 1 of the indictment. Even so, because Simmons believed he was pleading guilty to a *felony*, the State contended he should be held to the bargain struck between the parties. Simmons, on the other hand, testified that while he did think he was pleading guilty to a felony, he was not pleading to a lesser-included offense of Count 1 concerning B. H., but rather to the sexual-battery charge in Count 2 concerning K. H.

At the conclusion of the hearing, the trial court took the matter under advisement. But one month later, the court issued an order denying Simmons's motion to set aside, concluding "the revelation that the named victim was 16 years of age at the time of the offense does not affect the validity of Defendant's guilty plea and does not render the sentence imposed void." The court further determined that Simmons "waived his defense that the victim's age prohibited his conviction for felony sexual battery by entering a valid guilty plea." This appeal follows.

In his sole enumeration of error, Simmons maintains the trial court erred in denying his motion to set aside a void sentence, arguing that he should have been sentenced for misdemeanor sexual battery because the victim was not under the age of 16 at the time of the offense. We agree.

In the context of a criminal conviction, a sentence is void if "the court imposes punishment that the law does not allow."[1] And such a sentence may be vacated at "any time in any court where it becomes material to the interest of the parties to consider it."[2] Indeed, to allow the defendant to "serve a sentence for a criminal conviction that has been identified as illegal and void would not comport with fundamental fairness and due process of law."[3] Furthermore, and importantly, this is true even for defendants who plead guilty because a defendant who "knowingly

---

[1] *von Thomas v. State*, 293 Ga. 569, 571 (2) (748 SE2d 446) (2013) (punctuation omitted); *accord Rooney v. State*, 287 Ga. 1, 2 (2) (690 SE2d 804) (2010).

[2] *Little v. State*, 327 Ga. App. 252, 253 (758 SE2d 133) (2014) (punctuation omitted); *see von Thomas*, 293 Ga. at 571 (2) (explaining that "a sentencing court has jurisdiction to vacate a void sentence at any time"); *Phillip v. State*, 313 Ga. App. 302, 302 (721 SE2d 214) (2011) (noting a trial court has no jurisdiction to modify a sentence after the term of court ends, but when a sentence is void . . . the court may resentence the defendant at any time).

[3] *Nazario v. State*, 293 Ga. 480, 487 (2) (c) (746 SE2d 109) (2013); *accord Bynes v. State*, 336 Ga. App. 223, 227-28 (2) (784 SE2d 71) (2016).

enters into a plea agreement does not waive the right to challenge an illegal and void sentence."[4]

Turning to the relevant statute, OCGA § 16-6-22.1 (b) provides that "[a] person commits the offense of sexual battery when he or she intentionally makes physical contact with the intimate parts of the body of another person without the consent of that person."[5] And subsection (c) of this statute further provides that "[e]xcept as otherwise provided in this Code section, a person convicted of the offense of sexual battery shall be punished as for a misdemeanor of a high and aggravated nature."[6] In stark contrast, under subsection (d), "[a] person convicted of the offense of sexual

---

[4] *Bell v. State*, 294 Ga. 5, 8 (2) (749 SE2d 672) (2013); *see Nazario*, 293 Ga. at 487 (2) (c) (noting that a guilty plea does not waive a challenge to an illegal sentence); *see also Humphrey v. State*, 297 Ga. 349, 350 (773 SE2d 760) (2015) ("[A]s we have indicated in a number of cases, the consent of the parties cannot validate a void sentence.").

[5] *See Watson v. State*, 297 Ga. 718, 719 (2) (777 SE2d 677) (2015) (explaining that the three elements required to establish the offense of sexual battery are "(1) physical contact with the victim's intimate body parts; (2) intent to have such contact; and (3) lack of consent on the part of the victim").

[6] *See* OCGA § 17-10-4 (a) ("A person who is convicted of a misdemeanor of a high and aggravated nature shall be punished by a fine not to exceed $5,000.00 or by confinement in the county or other jail, county correctional institution, or such other places as counties may provide for maintenance of county inmates, for a term not to exceed 12 months, or both . . . .").

battery against any child under the age of 16 years shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than one nor more than five years."

Here, Count 2 of the indictment—charging Simmons with sexual battery—did not identify the victim's age; but as the trial court explicitly acknowledged in its order, the victim in Count 2 of the indictment (K. H.) was not under 16 years of age at the time the offense occurred. Despite this, the trial court sentenced Simmons to five years for felony sexual battery rather than the misdemeanor offense alleged in the indictment, to which he actually pleaded guilty. Nevertheless, because the parties were admittedly operating under the assumption that Simmons was pleading guilty to a felony, the trial court in its order—and the State in its response brief—claim Simmons waived the "defense" that the victim was not under 16 years of age by pleading guilty. But we are not persuaded a defendant is required to assert a victim's age as a defense when charged with sexual battery.[7] And a defendant's acquiescence

---

[7] *See Sullins v. State*, 347 Ga. App. 628, 635 (2) (820 SE2d 468) (2018) (noting that State was required to prove victim was under the age of 16 so as to authorize a felony sentence for sexual battery); *see also Hernandez v. State*, 300 Ga. App. 792, 794-95 (2) (686 SE2d 373) (2009) (concluding that possible error in failing to require jury to make a finding as to whether victim was under the age of 16—so as permit trial court to impose sentence for felony sexual battery—was harmless given that the overwhelming evidence presented at trial demonstrated the victim was, in fact, under

to an illegal sentence, either through plea negotiations or a failure to object to the sentence, "cannot render an otherwise illegal sentence valid through waiver."[8] Indeed, a void sentence "amounts to no sentence at all."[9] So, given these circumstances, the sentence imposed on Simmons is illegal and void.[10] As a result, the trial court's order is reversed, Simmons's sentence is vacated, and we remand this case to the trial court for resentencing in a manner consistent with this opinion.

---

the age of 16).

[8] *Phillip*, 313 Ga. App. at 302 (punctuation omitted); *accord Zipperer v. State*, 299 Ga. App. 792, 794 (2) (683 SE2d 865) (2009).

[9] *Phillip*, 313 Ga. App. at 302 (punctuation omitted); *accord Zipperer*, 299 Ga. App. at 794 (2).

[10] *See Bynes*, 336 Ga. App. at 227-28 (2) (holding that because the defendant was sentenced for felony crime of causing debilitating injury to a police dog and not misdemeanor causing serious physical injury to a police dog (with only the latter being actually charged in the indictment), the sentence was illegal and void); *Phillip*, 313 Ga. App. at 303 (holding sentence of 17 years' imprisonment, with all counts to run concurrently, imposed on defendant who entered guilty plea to 14 counts of dogfighting and two counts of aggravated cruelty to animals, was illegal and void given that maximum prison sentence for each count of the indictment was five years); *Arnold v. State*, 278 Ga. App. 188, 190 (3) (628 SE2d 605) (2006) (concluding that sentence of 12 months' confinement for defendant pleading guilty to first offense of interference with custody exceeded the statutory maximum term of five months' imprisonment for first offense and, thus, was void).

*Judgment reversed, sentence vacated, and case remanded. Rickman and Pipkin, JJ., concur.*