**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**December 5, 2025**

# In the Court of Appeals of Georgia

A25A2036. CLARK v. THE STATE.

PER CURIAM.

Ronald Lynn Clark entered a negotiated plea to one count of criminal damage to property in the second degree. As part of his sentence, Clark was ordered to pay restitution to the victim. Clark now appeals,[1] arguing that the trial court erred in requiring him to pay restitution on counts that were nolle prossed. For reasons set

---

[1] Effective May 14, 2025, the legislature amended OCGA § 5-6-35 (a), adding a new subsection (5.3), which requires "[d]irect appeals from guilty pleas" to be initiated by filing an application for discretionary review. Here, the trial court sentenced Clark on May 8, 2025, and he filed a notice of appeal therefrom. Because the law governing appellate procedure at the time the sentence was entered allowed for a direct appeal, we have jurisdiction. See *Murphy v. Murphy*, 295 Ga. 376, 378 (761 SE2d 53) (2014).

forth below, we vacate his sentence and remand the case to the trial court for clarification.

The record shows that Clark was indicted for family violence aggravated battery for fracturing his wife's ankle; family violence aggravated assault; hindering an emergency telephone call; and criminal damage to property in the second degree for damaging his wife's iPhone. Clark agreed to plead guilty to the criminal damage to property count in exchange for a five year probated sentence and for the State moving for entry of an order of nolle prosequi as to the remaining counts of the indictment. Because the total amount of restitution was not fixed, Clark also agreed to a restitution hearing, which was held in conjunction with the guilty plea hearing.

During the hearing, the trial court first confirmed that Clark understood the charges and that he was voluntarily entering his plea. The court then turned to restitution. The wife testified that as a result of the "run-in" with Clark, her iPhone was damaged and her ankle was broken. She stated that she bought a new iPhone for $1,099.99 to replace her broken one and provided a receipt documenting that purchase. The wife further testified about the medical expenses she incurred to treat and fix her broken ankle, which amounted to $19,279.09. She likewise provided a copy of the medical bills detailing her expenditures.

The trial court sentenced Clark to a five year probated sentence for the criminal damage to property charge, and nolle prossed the remaining counts.[2] As part of the sentence, the trial court awarded the wife $18,379.08 in total restitution for her damaged iPhone and for the "damage to the leg."

On appeal, Clark argues that the trial court erred in ordering restitution for the counts that were nolled prossed because he was not found guilty of those offenses.

"OCGA § 17-14-9 provides that the amount of restitution ordered shall not exceed the victim's damages. For purposes of restitution, OCGA § 17-14-2 (2) defines damages as all damages which a victim could recover against an offender in a civil action based on the same act or acts for which the offender is sentenced." *Elsasser v. State*, 313 Ga. App. 661, 662 (2) (722 SE2d 327) (2011) (citation and punctuation omitted). Notably, we have recognized that "absent agreement, a defendant cannot be ordered to pay restitution for a count on which he was not convicted." *O'Brien v. State*, 353 Ga. App. 425, 426 (2) (838 SE2d 96) (2020). But if a defendant agrees to pay a higher amount in restitution in exchange for leniency in sentencing, he will not be heard to complain on appeal. See *McCullough v. State*, 268 Ga. App. 445, 447 (2)

_____

[2] Clark was sentenced as a first offender pursuant to OCGA § 42-8-60.

(a) (602 SE2d 181) (2004) ("A litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal.") (citation and punctuation omitted).

Here, it is not evident from the record whether Clark agreed to pay restitution for the medical bills arising from the aggravated battery count that was nolle prossed. At the hearing, the trial court accepted the plea, but did not address whether the parties agreed to restitution as part of the negotiated plea. The State told the trial court that "[t]his is the case . . . that we're going to have a restitution hearing . . . to determine what and whether this Court will grant restitution in this case." After the presentation of evidence, Clark argued that he should only be required to pay restitution to the wife the damages stemming from the criminal damage to property charge to which he pleaded guilty. In response, the State denounced Clark's argument as "disingenuous," maintaining that it had always been seeking restitution not only for the wife's broken iPhone but for her medical costs as well:

> I would never have agreed to have him plea just to [the criminal damage to property count] if I were not able to ask for restitution in the other counts. That was not the position of the State, and, frankly, if that's what they want to do, I'm asking that you revoke this plea and let us take this to trial. That was not our agreement at all. If they are willing to go down

4

that path, that's the position of the State, otherwise, the recommendation that I had was that we were going to have a hearing on restitution in this entire case for the Court to determine what restitution would be paid. It did not matter what count it was.

The trial court then remarked,

[W]e've gone through the restitution on this for several months. We've been putting it off and putting it off after waiting on those figures and getting all those figures. And so the Court is going to go forward and enter an order as to the restitution in regards to this, including the, again, the whole totality of these, of the action that took place, together with the [criminal damage to property count], resulting from the whole incident, and then resulting in damage to her phone, and then doing some damage to the leg as well.

The trial court did not enter a separate restitution order. Although the trial court's reference to "those figures" ostensibly pertain to the wife's medical expenses, which would give credence to the State's global restitution position, we are unable to conclusively determine from the record "whether the trial court found as a matter of fact that [Clark] had agreed to pay the full amount of restitution or whether the court concluded that it was authorized to award the full amount even if [Clark] had not so agreed, which would constitute error." *O'Brien*, 353 Ga. App. at 428 (2). See also

*Zipperer v. State*, 299 Ga. App. 792, 794 (2) (683 SE2d 865) (2009) ("A sentence or portion thereof that is unauthorized by law is a nullity and void.") (citation and punctuation omitted).

We encountered a similar factual scenario to the instant case in *O'Brien*, 353 Ga. App. at 428(2), finding that it was necessary to vacate the order of restitution and remand the case to the trial court for clarification. See *O'Brien*, 353 Ga. App. at 428 (2). In light of this precedent, we likewise do so here. See also *Williams v. State*, 301 Ga. 60, 62 (799 SE2d 779) (2017) ("If the trial court has made express findings of fact, but not with sufficient detail to permit meaningful appellate review, an appellate court may remand for further findings.") (citation and punctuation omitted). Therefore, we vacate Clark's sentence and remand the case for further proceedings consistent with this opinion.

*Judgment vacated and case remanded with direction. Division Per Curiam. All Judges concur.*