## 55034. YARBER v. THE STATE.

BIRDSONG, Judge.

Appellant was convicted, by a jury, of theft by taking. His three enumerations of error relate to the determination of value of the stolen property. *Held:*

This court has consistently followed the rule enunciated in *Hoard v. Wiley,* 113 Ga. App. 328 (1b) (147 SE2d 782) that "[a]n owner of property may not testify as to his opinion of the value of the property in a single or gross amount without 'giving his reasons therefor' or else showing 'an opportunity for forming a correct opinion.' This rule is applicable to the issue of value in criminal cases." *Crowley v. State,* 141 Ga. App. 867, 868 (234 SE2d 700). "But it is also true that the cost price, if coupled with other evidence, may be admitted as an element upon which an opinion may be formed as to the item's value. *Hoard v. Wiley,* [supra]." *King v. Sinyard,* 139 Ga. App. 14, 17 (227 SE2d 834). "Value of merchandise is generally one of opinion, but the jury may consider such opinion testimony and make reasonable deductions, and exercise their own knowledge and ideas. [Cits.]" *Jones v. State,* 139

Ga. App. 366, 367 (228 SE2d 387). Finally, in a criminal damage suit involving valuation of a citizen's band, or "CB," radio, this court observed: " 'A jury is in no event absolutely bound by opinion evidence, and as to everyday objects, such as automobiles, they may draw from their own experience in forming estimates of market value.' [Cit.]" *Hayes v. State,* 139 Ga. App. 316, 317 (228 SE2d 585). See *Butts v. State,* 141 Ga. App. 119 (1) (232 SE2d 634).

In the instant case, the owner testified that the stolen property (a garden tiller) was approximately one month old, had been used very little, and was in "new" condition; that the purchase price was approximately $320; and, finally, that the "list" price was $355. This testimony, coupled with the jury's awareness of the value of "everyday objects" was sufficient for the jury to establish the value of the stolen property in excess of $100. *Hayes v. State,* supra; *Jones v. State,* supra. See *Blair v. State,* 144 Ga. App. 118. A charge on misdemeanor theft was not warranted by the evidence, and, accordingly, the trial court did not err in refusing to direct a verdict "as to the issue of whether the crime was a felony or a misdemeanor," as alleged by appellant. *Johnson v. State,* 143 Ga. App. 160, 162 (5) (237 SE2d 605). *Garrett v. State,* 141 Ga. App. 584, 586 (4) (234 SE2d 161).

In view of the foregoing analysis, the trial court's statement that the offense with which appellant was charged is a felony did not amount to an impermissible expression of opinion, being quite clearly a statement of fact. Code Ann. § 26-1812.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED JANUARY 17, 1978 — DECIDED FEBRUARY 9, 1978.

*Cathey & Strain, Dennis T. Cathey,* for appellant.
*Nat Hancock, District Attorney, Richard J. Burkett, Assistant District Attorney,* for appellee.