61780. PATE v. THE STATE.

DEEN, Presiding Judge.

In railway parlance a whistleboard is a solid aluminum signpost approximately in the shape of a boat paddle with three black lines and one black dot, flourescent backed, used to warn a train engineer that there is a crossing ahead so that he may blow his crossing signal. The defendant was accused of receiving over $200 worth of stolen whistleboards knowing them to have been stolen, tried, convicted, and sentenced to serve a term of six years.

1. A witness working for the Southern Railway Police Department testified that he received reports on March 22 and 27 that black male juveniles were removing whistleboard signs from railroad property. Suspecting that the aluminum was being sold to Union Scrap Metal, a business owned by the defendant, he immediately went on both these dates to Pate, told him he understood whistleboard signs were being stolen, and was assured by

Pate on each occasion that he knew what the signs were and would report back if any were brought to his place of business. No report was made. A third theft was made by the three described juveniles on April 9. The witness went to Union Scrap, discovered that Pate had left for Jacksonville with a load of scrap metal, and the ensuing investigation led to the location of whistleboards brought in by the defendant and sold to a large scrap metal company in that city. The three juveniles apprehended with the whistleboards admitted to having made the thefts during March and April and to selling the material to the defendant. The evidence, although mainly circumstantial, is sufficient to support the conviction under Code § 28-109. "An essential element of the crime of theft by receiving stolen property is knowledge that the goods are stolen when the defendant receives the property. Code § 26-1806. Knowledge may be inferred from circumstances which would excite the suspicions of an ordinarily prudent man." *Shorts v. State,* 137 Ga. App. 314 (223 SE2d 504) (1976). "This court is still committed to the rule that unexplained possession of recently stolen goods is not sufficient in itself to authorize a conviction for receiving stolen goods, but that such possession may be used in conjunction with other evidence . . . to infer the knowledge required by the statute." *Homer v. State,* 137 Ga. App. 485 (224 SE2d 117) (1976). The direct testimony of the principal thieves, the time elements, and the surrounding circumstances were sufficient to establish beyond a reasonable doubt that the whistleboards found in the possession of the Jacksonville firm were indeed the ones stolen by the principal thieves, sold to the defendant, and by him sold to the Jacksonville organization, and at the time he received the items he had knowledge that they were stolen.

2. Code § 26-1806 fails to designate the offense of receiving stolen goods as either a felony or a misdemeanor, and the value of the goods is only relevant under Code § 26-1812 (a) for the purpose of sentencing, since the theft of goods valued at under $200 is a misdemeanor while that exceeding $200 is a felony. The defendant was sentenced for felony receiving, and we agree with his position that the value of the goods stolen during March and April was not sufficiently established. There was testimony that the value of a whistleboard in March and April, 1979, was $16.50 per sign, but this obviously referred to purchase price. Purchase price alone is not a sufficient criterion of value and the mere statement that the value of a thing is a certain sum without stating the reasons for this conclusion lacks probative value. *Crowley v. State,* 141 Ga. App. 867 (234 SE2d 700) (1977); *Mills v. Mangum,* 111 Ga. App. 396 (141 SE2d 773) (1965); *Hoard v. Wiley,* 113 Ga. App. 328 (147 SE2d 782) (1966). Further, the signs were taken from a pile of scrap, which suggests that

they were among those found unusable because the fluorescent coating had worn off, as brought out by the testimony. Scrap aluminum had a market price of 28-1/2 cents per pound, but the number of pounds of stolen markers was never testified to. The jury undoubtedly was aware of this discrepancy, as they returned with the question of whether junk price could be considered on fair market value. The evidence totally failed to prove that the value of the property stolen in the condition in which it was at the time was over $200.

3. The defendant was indicted on July 6, 1979, and arraigned July 13 for the offense of receiving stolen goods. The trial date was August 18, 1980. At no time did the defendant make a demand for trial under Code § 27-1901, which would, if not tried at the next two terms of court, have made acquittal inevitable. On March 3, 1980, he contacted the district attorney to ask him "please to bring the case to trial." On the morning of the trial itself he filed in the clerk's office a motion for dismissal of the indictment as an infraction of his constitutional right to a speedy trial. The motion was not brought to the attention of the court until after both sides had announced ready, the jury selected and sworn, and the witnesses called. Thus, jeopardy had attached before the court was made aware of the motion to dismiss. *Jones v. State,* 232 Ga. 324 (206 SE2d 481) (1974); Code § 26-507. The defendant did not use the means available to him to secure an early trial, and deliberately waited until the hearing of his motion to dismiss, which if passed on favorably to him, would have been in bar of any future prosecution, before calling the matter to the court's attention. Under these circumstances the court properly overruled the motion on the ground it was not timely filed.

The conviction in this case is affirmed and the case remanded for resentencing in accordance with what is held in the second division of this opinion.

*Judgment affirmed in part and reversed in part. Banke and Carley, JJ., concur.*

DECIDED APRIL 28, 1981.

*Wilby C. Coleman,* for appellant.
*Lamar Cole, District Attorney, Richard W. Shelton, Assistant District Attorney,* for appellee.