## A96A1106. BEREZNAK v. THE STATE.
### (478 SE2d 386)

ANDREWS, Judge.

Samuel Bereznak, Jr., appeals his conviction and sentence on charges of criminal damage to property in the second degree, OCGA § 16-7-23. Apparently angry at his wife, Bereznak damaged or destroyed some of her clothes, toiletries, and items of sentimental or emotional value. Pursuant to *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979), we have reviewed the evidence with all reasonable inferences made, and all issues of weight and credibility resolved, in favor of the verdict. *Patterson v. State*, 181 Ga. App. 68, 69 (2) (351 SE2d 503) (1986). We find the prosecution's evidence insufficient to support the conviction and reverse.

1. To sustain this conviction for criminal damage to property in the second degree, the State was required to offer probative evidence which would sufficiently allow the jury to conclude Bereznak intentionally caused in excess of $500 damage to the property of another person without that person's consent. OCGA § 16-7-23 (a) (1). Our cases detail several proper methods for proving the value of the damage. A lay witness may give her opinion as to that value so long as she states the facts on which she bases her opinion or otherwise shows she had the opportunity to form a correct opinion. *Yarber v. State*, 144 Ga. App. 781 (242 SE2d 372) (1978). The cost of an item, so long as it is coupled with other evidence of its condition before and after the damage, may allow the jury to determine the value of damage to everyday items. Id. Compare *Pate v. State*, 158 Ga. App. 395, 396 (2) (280 SE2d 414) (1981) (evidence of cost or purchase price alone is insufficient). Evidence of the cost to repair an item may also suffice. *Holbrook v. State*, 168 Ga. App. 380 (1), 381 (308 SE2d 869) (1983).

In this case, the State presented no competent evidence of damage in excess of $500. The victim identified a stone giraffe Bereznak

broke and stated she purchased it "several years ago" for $170 or $175. Although the victim and her mother identified many items of damaged clothing, these witnesses assigned purchase prices to only six recently purchased items whose cost totaled approximately $263. These witnesses did present receipts showing they had spent thousands of dollars for clothing and accessories that were in the home at the time of Bereznak's rampage. But other than the items mentioned above, no witness gave any evidence of the value of clothing *damaged* in Bereznak's attack. Pretermitting whether this cost evidence presented was sufficient, that evidence does not show a value exceeding $500. The victim pointed out two broken bottles of perfume she purchased for $42 and $37, respectively, but she did not mention how much perfume remained in those bottles before they were broken. This testimony, unsupported by any evidence showing the condition of the perfume before Bereznak destroyed it, has no probative value. *Pate*, supra.

As in *Hildebrand v. State*, 209 Ga. App. 507, 508 (433 SE2d 443) (1993), the State gave the jury no evidence of purchase price and no competent opinion testimony which jurors could use as a basis for applying their everyday experience and reaching a value for these items in excess of $500. Therefore, we find Bereznak's conviction supported by insufficient evidence.

2. Because our opinion in Division 1 disposes of this case, we need not address Bereznak's argument that the marital property he damaged cannot legally be considered the "property of another person."

*Judgment reversed. Pope, P. J., and Smith, J., concur.*

DECIDED OCTOBER 29, 1996 —
RECONSIDERATION DENIED NOVEMBER 19, 1996 — 

*Dyer & McElyea, Robert M. Dyer*, for appellant.
*Garry T. Moss, District Attorney, Cecelia Harris, Assistant District Attorney*, for appellee.

