A98A2276. IN THE INTEREST OF A. F., a child.
(510 SE2d 910)

McMURRAY, Presiding Judge.

A. F. was adjudicated delinquent after the juvenile court found he committed an act which, had he been an adult, would have supported a conviction for criminal damage to property in the second degree. OCGA § 16-7-23 (a) (1). On appeal, he asserts eight enumerations of error which all relate to the sufficiency of the evidence supporting the juvenile court's ruling.

1. "In juvenile proceedings, the standard of proof on charges of a criminal nature is the same as that used in criminal proceedings against adults — proof must be beyond a reasonable doubt." (Citations and punctuation omitted.) *In the Interest of J. T. M.*, 200 Ga. App. 636, 637 (409 SE2d 256). In order to sustain a "conviction for criminal damage to property in the second degree, the State was required to offer probative evidence which would sufficiently allow the [factfinder] to conclude [A. F.] intentionally caused in excess of $500 damage to the property of another person without that person's consent. OCGA § 16-7-23 (a) (1). Our cases detail several proper methods for proving the value of the damage. A lay witness may give her opinion as to that value so long as she states the facts on which she bases her opinion or otherwise shows she had the opportunity to form a correct opinion. *Yarber v. State*, 144 Ga. App. 781 (242 SE2d 372) (1978). The cost of an item, so long as it is coupled with other evidence of its condition before and after the damage, may allow the [factfinder] to determine the value of [the] damage to everyday items. Id. Compare *Pate v. State*, 158 Ga. App. 395, 396 (2) (280 SE2d 414) (1981) (evidence of cost or purchase price alone is insufficient). Evidence of the cost to repair an item may also suffice. *Holbrook v. State*, 168 Ga. App. 380 (1), 381 (308 SE2d 869) (1983)." *Bereznak v. State*, 223 Ga. App. 584 (1) (478 SE2d 386).

In this case, the only evidence of damage in excess of $500 was the victim's testimony that she obtained an estimate to repair her van in the amount of $605 from "the dealer." She acknowledged that the damage to her van was not repaired for this price. The victim's testimony about the repair estimate she obtained was inadmissible hearsay. *In the Interest of J. C.*, 163 Ga. App. 822 (1) (296 SE2d 117). Since this hearsay was the only evidence establishing the amount of damage to the victim's van, A. F.'s adjudication of delinquency for committing an act which would have supported a conviction for the offense of criminal damage to property in the second degree were he an adult must be vacated. *Curtis v. State*, 190 Ga. App. 173, 175 (2) (378 SE2d 516). The failure of A. F.'s counsel to object to the victim's hearsay testimony does not alter this conclusion. " 'Since ordinary hearsay testimony is not only inadmissible but wholly without proba-

tive value, its introduction without objection does not give it any weight or force whatever in establishing a fact.' [Cits.]" *Duke v. State*, 205 Ga. 106, 110 (52 SE2d 455). See also *Calhoun v. State*, 213 Ga. App. 375, 376 (4) (a) (444 SE2d 405).

2. The evidence is sufficient to support an adjudication of delinquency for committing an act which would support a conviction for the offense of criminal *trespass* to property under OCGA § 16-7-21 (a) were he an adult. This is a lesser offense included within criminal *damage* to property in the second degree. *Jennings v. State*, 226 Ga. App. 461 (486 SE2d 693). Consequently, we remand with direction that an adjudication of delinquency and a disposition thereof be entered for committing an act which would have supported a conviction for the offense of criminal *trespass* to property were he an adult. *Hogan v. State*, 193 Ga. App. 543 (1) (388 SE2d 532); *Choate v. State*, 158 Ga. App. 8 (279 SE2d 459). This result does not violate A. F.'s due process right to be notified of the charges against him. "A defendant is on notice of . . . lesser crimes which are included in the crime charged as a matter of law, OCGA § 16-1-6. . . ." *McCrary v. State*, 252 Ga. 521, 524 (314 SE2d 662).

3. A. F. next contends the evidence was insufficient to support his adjudication of delinquency because the State's case was based on the uncorroborated testimony of an alleged accomplice. "In numerous decisions our courts have held that corroboration of an accomplice is not necessary to sustain a misdemeanor conviction." (Citations and punctuation omitted.) *Dabney v. State*, 154 Ga. App. 355 (2) (268 SE2d 408). Since we have vacated A. F.'s adjudication of delinquency for acts which would constitute a felony, were he an adult, this enumeration is without merit. OCGA § 16-7-21 (d).

4. We find no merit in A. F.'s remaining enumerations of error.

*Judgment vacated and case remanded with direction. Blackburn and Eldridge, JJ., concur.*

DECIDED JANUARY 20, 1999.

*Larry H. Tatum*, for appellant.
*Daniel J. Porter, District Attorney, Dawn H. Taylor, Assistant District Attorney*, for appellee.