A06A1438. LEEKS v. THE STATE.
(635 SE2d 878)

ANDREWS, Presiding Judge.

Following a bench trial, the court found Renae Leeks guilty of criminal damage to property in the second degree. Leeks appeals, contending that insufficient evidence supports her conviction and that the trial court erred by admitting hearsay and by excluding from evidence a certified copy of the victim's first offender conviction. We find no merit in these contentions and affirm.

1. On appeal, we must view the evidence "in the light most favorable to the verdict and the appellant no longer enjoys the presumption of innocence; moreover, on appeal this court determines evidence sufficiency and does not weigh the evidence or determine witness credibility." (Citation and punctuation omitted.) *Williams v. State*, 217 Ga. App. 636, 638 (3) (458 SE2d 671) (1995). Viewed in this light, the record shows that Leeks and the victim share history with the same man. The victim's husband is the father of Leeks' child, the

---

child resides with Leeks, and the adults had frequent disputes about their obligations to the child.

The victim testified that Leeks came to her workplace and threatened, "I'm gon' get you, you gon' get what's comin' to you." When the victim left work in her car 30 minutes later, Leeks threw a brick at her car while she was stopped at a traffic light. The victim testified that it cost $946.74 to repair her car.

Leeks contends this evidence was insufficient to support her felony conviction because the trial court admitted into evidence, without objection, a handwritten estimate to repair the victim's car for less than $500. See OCGA § 16-7-23 (felony criminal trespass in the second degree requires damage in excess of $500). Thus, according to Leeks, the evidence on the amount of damage was conflicting and the trial court "should have applied the law of lenity and found the defendant guilty of [a] misdemeanor."

We find no merit in Leeks' sufficiency argument for several reasons. First, the repair estimate Leeks relies upon to establish a conflict in the evidence was hearsay. *In the Interest of A. F.*, 236 Ga. App. 60, 61 (1) (510 SE2d 910) (1999). "Since ordinary hearsay testimony is not only inadmissible but wholly without probative value, its introduction without objection does not give it any weight or force whatever in establishing a fact." (Citations and punctuation omitted.) Id. at 60-61. Second, the finder of fact, "not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from the evidence." (Citation omitted.) *Strong v. State*, 265 Ga. App. 257, 258 (593 SE2d 719) (2004). "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the . . . verdict will be upheld." (Citation and punctuation omitted.) *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001). As there was competent evidence showing that the damage to the victim's car exceeded $500, we find sufficient evidence supported Leeks' felony conviction under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *In the Interest of M. C.*, 239 Ga. App. 767, 768 (521 SE2d 900) (1999).

2. Leeks asserts the trial court erred by admitting into evidence two repair estimates exceeding $500 over her hearsay objection. While we find that the trial court should have excluded these estimates on hearsay grounds, *In the Interest of A. F.*, supra, their admission was harmless in light of the victim's testimony that she actually repaired the car for an amount in excess of $500. *Austin v. State*, 238 Ga. App. 440, 441 (518 SE2d 918) (1999).

3. In her remaining enumeration of error, Leeks argues that the trial court erred by excluding from evidence a certified copy of a document showing that the victim received first offender treatment

for making harassing telephone calls to her. The record shows that the trial court sustained the State's objection to this evidence because "[f]irst off, foundation for you in trying to impeach the witness has not been laid. And if, in fact, it is a First Offender conviction, it cannot be used." After the State's objection was sustained, Leeks' counsel made no further attempt to lay a foundation for the admission of the document.

Relying on *Matthews v. State*, 268 Ga. 798, 802 (493 SE2d 136) (1997), Leeks contends the document was admissible to show bias on the part of the victim as a result of her first offender treatment. In *Matthews*, the Supreme Court held that a witness cannot be impeached on general credibility grounds with a first offender record. Id. A party can, however, cross-examine a witness to show that bias might result from her first offender status. See *Melson v. State*, 263 Ga. App. 647, 648 (2) (588 SE2d 822) (2003). But, even when cross-examination to show bias is permissible, certified copies of court documents relating to the witness's first offender treatment are not admissible. See *Smith v. State*, 276 Ga. 263, 265 (2) (577 SE2d 548) (2003).

The only circumstance in which documents pertaining to a first offender record might be admissible for purposes of impeachment is "to disprove or contradict the testimony of the witness." *Matthews*, supra, 268 Ga. at 802, n. 2. See also *Hernandez v. State*, 244 Ga. App. 874, 877 (1) (c) (537 SE2d 149) (2000). Leeks did not argue below that this was the purpose for which she sought admission of the first offender document and she makes no such argument on appeal.[1] Instead, she argues only that she was entitled to introduce the document to show the victim's bias. As there is no legal support for this argument, we find it has no merit. See *Smith*, supra.

*Judgment affirmed. Barnes and Bernes, JJ., concur.*

DECIDED AUGUST 24, 2006.

*Davis Cohen*, for appellant.
*Spencer Lawton, Jr., District Attorney, Jennifer L. Parker, Assistant District Attorney*, for appellee.

---

[1] We note that the foundation portion of the trial court's ruling excluding the document from evidence might have related to this alternate method for introducing the document into evidence.