646 S.E.2d 523 (2007)
In the Interest of J.T., a child.
No. A07A0160.
Court of Appeals of Georgia.
May 21, 2007.
*524 Reese H. Davis, for appellant.
Cecilia Marie Cooper, District Attorney, Richard E. Nettum, Assistant District Attorney, for appellee.
JOHNSON, Presiding Judge.
J.T. appeals from an order of the juvenile court in which he was adjudicated delinquent for criminal damage to property in the second degree. The evidence shows that J.T. was involved in painting graffiti and gang signs on an automobile driven by one of his classmates at school. In this appeal, J.T. contends the trial court erred in denying his motion to dismiss the petition because the state failed to prove that the damage to the automobile in question was $500 or more, an essential element in a criminal damage to property in the second degree case. We agree and vacate the juvenile court's adjudication. However, because the evidence is sufficient to support an adjudication of delinquency on the lesser offense of criminal trespass, we remand the case with direction that the court enter an adjudication of delinquency and a disposition thereof be entered for committing an act which would have supported a conviction for criminal trespass to property were J.T. an adult.
1. In juvenile proceedings, the standard of proof required by the state is the same as that used in criminal proceedings against adults: proof must be beyond a reasonable doubt.[1] Thus, in order to sustain an adjudication for criminal damage to property in the second degree, the state was required to offer probative evidence which would sufficiently allow the factfinder to conclude that J.T. intentionally caused in excess of $500 damage to the property of another person without that person's consent.[2] The state failed to meet this burden in the present case.
This Court has outlined several proper methods for proving the value of property *525 damage. The cost of an item, as long as it is coupled with other evidence of its condition before and after the damage, may allow the factfinder to determine the value of the damage to the property.[3] Evidence of the cost expended to repair an item may also suffice.[4] In the alternative, a lay witness may give her opinion as to the value so long as she states the facts on which she bases her opinion or otherwise shows she had the opportunity to form a correct opinion.[5]
In this case, the only evidence of damage in excess of $500 was the victim's testimony that she obtained two estimates to repair the damage to her automobile, and her testimony that it was going to cost in excess of $500 to repair the automobile. The victim never testified to any specific value, nor did she testify to the original cost of the vehicle, how long she had the vehicle, what condition the vehicle was in, or any other fact that would show she had an opportunity to correctly determine the value of the damage to her automobile. No repairs to the automobile were actually undertaken, and no witness from the body shops testified regarding the amount of the estimates or what the estimates entailed. We note that even if the victim had testified regarding the exact amount of the repair estimates, such testimony would have been inadmissible hearsay.[6]
While the state argues that a property owner is considered qualified to state her opinion as to value,[7] it is undisputed that the victim here failed to state any facts upon which she based her opinion regarding the value of the damage. An owner's opinion of value, without the reasons supporting this opinion, has no probative value.[8] The court erred in denying J.T.'s motion to dismiss the criminal damage to property in the second degree charge.
2. However, the evidence is sufficient to support an adjudication of delinquency for committing an act which would support a conviction for the offense of criminal trespass to property under OCGA § 16-7-21(a) because there is clear evidence that J.T. intentionally damaged the property of another without consent of that other person and the damage to the property was $500 or less. Criminal trespass is a lesser offense included within criminal damage to property in the second degree.[9]
Here, the victim testified regarding the extent of the red spray paint on her black automobile, so the factfinder would have been authorized to draw from his own experience in forming an estimate as to the damage to the automobile.[10] Consequently, we remand this case with direction that an adjudication of delinquency and a disposition thereof be entered for committing an act which would have supported a conviction for the offense of criminal trespass to property were he an adult.[11] This result does not violate J.T.'s due process right to be notified of the charges against him since a defendant is on notice of all lesser crimes which are included in the crime charged as a matter of law.[12]
Judgment vacated and case remanded with direction.
PHIPPS and MIKELL, JJ., concur.
NOTES
[1] See In the Interest of A.F., 236 Ga.App. 60(1), 510 S.E.2d 910 (1999).
[2] OCGA § 16-7-23(a)(1).
[3] See Yarber v. State, 144 Ga.App. 781, 242 S.E.2d 372 (1978).
[4] See Holbrook v. State, 168 Ga.App. 380(1), 308 S.E.2d 869 (1983).
[5] See In the Interest of A.F., supra.
[6] See id.
[7] B & L Svc. Co. v. Gerson, 167 Ga.App. 679, 681, 307 S.E.2d 262 (1983); Maddox v. State, 157 Ga.App. 696, 697, 278 S.E.2d 480 (1981). We note that in both these cases, the property owner stated the bases for his opinions as to value.
[8] See Waldrop v. State, 231 Ga.App. 164, 165, 498 S.E.2d 337 (1998); Johnson v. State, 156 Ga.App. 411, 412-413(2), 274 S.E.2d 778 (1980).
[9] Jennings v. State, 226 Ga.App. 461, 486 S.E.2d 693 (1997).
[10] In the Interest of M.M., 265 Ga.App. 381, 382(1)(a), 593 S.E.2d 919 (2004); Compare Matthews v. State, 224 Ga.App. 407, 409(2), 481 S.E.2d 235 (1997).
[11] In the Interest of A.F., supra at 61(2), 510 S.E.2d 910.
[12] OCGA § 16-1-6; In the Interest of A.F., supra.