**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**August 19, 2022**

# In the Court of Appeals of Georgia

A22A1133. FLAKES v. THE STATE

MARKLE, Judge.

Following a jury trial, Johnie Flakes was convicted of cruelty to children in the first degree (OCGA §16-5-70 (b)) and criminal damage to property in the second degree (OCGA § 16-7-23 (a) (1)), stemming from an altercation at a restaurant.[1] He appeals from the trial court's denial of his motion for new trial, challenging the sufficiency of the evidence on both counts. Finding no error, we affirm.

Viewed in the light most favorable to the verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the record shows that Flakes and his wife were dining at the same restaurant as the victims, M. G., her 16-year-old nephew,

---

[1] Flakes was also convicted of battery, hindering an emergency telephone call, and obstruction of an officer, but does not appeal from those convictions. He was acquitted of aggravated battery and simple battery.

Z. C., and her daughter, C. S. Due to health problems, C. S. was coughing repeatedly. Flakes became agitated about the coughing, and began to make derogatory comments. In response, M. G. explained the cough was not contagious, and moved her party to another section of the restaurant.

Shortly thereafter, Flakes approached their table, shouted obscenities, and threatened M. G. M. G. stood and asked Flakes to leave them alone; instead, Flakes spit in M. G.'s face and then threw his milkshake in her face. Flakes punched M. G. in the head multiple times, knocking her to the ground, and, when Z. C. attempted to break up the altercation, he struck Z. C. in the face twice. After Flakes was pulled away by the restaurant employees, he struck M. G.'s phone out of her hand while she was attempting to call 911, destroying the phone. Flakes then fled the scene in his vehicle, but was later apprehended at his home after a standoff.

Z. C. was taken by ambulance to the hospital. He sustained painful bruising to his jaw and a bleeding, swollen ear. M. G. had sustained serious damage to her left eye, resulting in traumatic glaucoma and blurred vision.

At trial, Flakes admitted to striking the victims and knocking the phone out of M. G.'s hand, but he insisted these actions were in self-defense. The jury convicted him of cruelty to children in the first degree and criminal damage to property in the

second degree. Flakes filed a motion for new trial, raising the issues he now asserts on appeal. Following a hearing, the trial court denied the motion. Flakes now appeals, arguing the evidence was insufficient to support his convictions. We disagree.

> On appellate review of a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or judge the credibility of witnesses, but determine only if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the offenses charged beyond a reasonable doubt.

(Citation omitted.) *Davis v. State*, 357 Ga. App. 720 (1) (848 SE2d 173) (2020).

(a) *Cruelty to children in the first degree.*

Flakes contends that the evidence was insufficient to support this conviction because there was no showing that he knew Z. C. was under the age of 18, and therefore the intent element of the offense was lacking in this respect. We are not persuaded.

Pursuant to OCGA § 16-5-70 (b), "[a]ny person commits the offense of cruelty to children in the first degree when such person maliciously causes a child under the age of 18 cruel or excessive physical or mental pain."

3

Flakes rests his argument on statutory interpretation, claiming there is a knowledge requirement embedded in OCGA § 16-5-70 (b). In construing this statute, we are guided by the following rules of construction:

> [T]he ordinary signification shall be applied to all words. Where the language of a statute is plain and susceptible to only one natural and reasonable construction, courts must construe the statute accordingly. Criminal statutes are construed strictly against the State, they must be read according to the natural and obvious import of their language, and their operation should not be limited or extended by application of subtle and forced interpretations. Also, if a criminal statute is susceptible to more than one reasonable interpretation, the interpretation most favorable to the party facing criminal liability must be adopted.

(Citation omitted.) *Owens v. State*, 353 Ga. App. 848, 850 (1) (840 SE2d 70) (2020). Because statutory interpretation is a question of law, our review is de novo. Id.

Based on a plain reading of OCGA § 16-5-70 (b), there is no requirement to prove knowledge of the victim's age as an essential element of the offense. Rather, the only express term in the statute demonstrating any required mental state is "maliciously." OCGA § 16-5-70 (b); *Kennedy v. State*, 277 Ga. 588, 590 (1) (b) (592 SE2d 830) (2004) (noting the only required mental state for cruelty to children is malice). As our Supreme Court has explained, "the basic elements of the offense must

be shown by evidence . . . . establishing the age of the child, that the child suffered physical or mental pain, that the pain was cruel or excessive, that the defendant caused the pain, and that the defendant acted maliciously in so doing." *Brewton v. State*, 266 Ga. 160 (1) (465 SE2d 668) (1996).

Flakes claims that, in order to show malice, the State must prove he knew the victim's age.[2] However, for the purposes of the child cruelty statute, "[m]alice implies the absence of all elements of justification or excuse and the presence of an actual intent to cause the particular harm produced, or the wanton and wilful doing of an act with an awareness of a plain and strong likelihood that such harm may result." (Citation and punctuation omitted.) *Jones v. State*, 263 Ga. 835, 839 (2) (439 SE2d 645) (1994). Thus, to act "maliciously" under the statute is to act with the intent to cause harm or with an awareness that harm may result, not with an intent to harm a person the defendant knows to be a minor. Moreover, intent to cause the particular harm "is peculiarly a question for the jury" in child cruelty cases. Id.; see also *Sims*

---

[2] To the extent that Flakes contends that the offender must be familial or otherwise related to the victim in order to satisfy the elements of this crime, he is mistaken. The plain language of OCGA § 16-5-70 (b) states that "[a]ny person" may commit the offense of first degree cruelty to children. See also *Johnson v. State*, 299 Ga. App. 706 (683 SE2d 659) (2009) (affirming conviction for first degree cruelty to children where offender was a stranger to the child).

5

*v. State*, 234 Ga. App. 678, 681 (1) (b) (507 SE2d 845) (1998) ("Intent is a question of fact to be determined upon consideration of words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted.") (citations and punctuation omitted).

Furthermore, our rules of statutory interpretation dictate that we cannot simply add a knowledge element to the statute. See *Mays v. State*, 345 Ga. App. 562, 567 (814 SE2d 418) (2018) ("[T]his Court does not have the authority to rewrite statutes.") (citations and punctuation omitted). Here, the plain language of OCGA § 16-5-70 (b) contains no knowledge requirement as to the child's age, and we decline to interpolate one.[3] See, e.g., *Brewton*, 266 Ga. at 160 (1) (setting forth the elements

[3] Flakes contends that there is an inferred knowledge requirement in OCGA § 16-5-70 (b); however, the cases he relies on for this proposition are distinguishable. In *Moody v. State*, 253 Ga. 456 (320 SE2d 545) (1984), the Supreme Court of Georgia, in upholding the validity of the dogfighting statute effective at the time, acknowledged that an accused must be shown to have knowingly participated in dogfighting as the statute required that the act be "for sport or gaming purposes." OCGA § 16-12-37 (1984). In *Price v. State*, 253 Ga. 250, 251 (2) (319 SE2d 849) (1984), the Court found that the statute prohibiting hunting over baited land, OCGA § 27-3-9 (b) (1984), necessarily required proof that the hunter knew the land was baited. However, neither of these cases address offenses against children. See, e.g., *Schultz v. State*, 267 Ga. App. 240, 241 (1) (599 SE2d 247) (2004) ("The legislature has carefully worded the child molestation statute so that the defendant's knowledge of the age of the victim is not an element of the crime, just as it is not an element of the crime of statutory rape."). Moreover, neither *Moody* nor *Price* address statutes with a malicious intent element, as here. See OCGA §§ 16-12-37; 27-3-9 (b).

of child cruelty in the first degree); compare OCGA § 16-5-70 (d) (2) (elements of child cruelty in the third degree include "having knowledge that a child under the age of 18 is present[.]"); *Brown v. State*, 233 Ga. App. 195, 196-197 (2) (504 SE2d 35 ) (1998) (contributing to the delinquency of a minor requires proof that accused knew the age of the minor under the provisions of OCGA § 16-12-1 (b) (4)). This claim of error thus fails.

(b) *Criminal damage to property.*

Flakes next challenges the sufficiency of the evidence supporting this conviction, asserting the State did not demonstrate the requisite monetary amount of damage to M. G.'s phone, pursuant to OCGA § 16-7-23 (a) (1). We conclude there was sufficient evidence to satisfy this element of the offense.

OCGA § 16-7-23 (a) (1) provides that criminal damage to property in the second degree occurs when one "[i]ntentionally damages any property of another person without his consent and the damage thereto exceeds $500.00[.]"

As we have explained,

_____

the value of the damage to property (for which the defendant is responsible) is an essential element of the indicted crimes. And under OCGA § 16-7-23, the value of damage to the property of another may be established by several means. For example, a lay witness may give opinion testimony as to such value, subject to stating the factual predicate on which the opinion is based or otherwise showing that he or she had the opportunity to form a reliable opinion. Alternatively, the cost of an item may be sufficient to show the value of damage to everyday items if supported by other evidence showing the before and after condition of the item.

(Citations and punctuation omitted.) *Wynn v. State*, 344 Ga. App. 554, 556 (811 SE2d 53) (2018).

Here, M. G. testified that her phone was new and in good condition at the time of the incident; it was rendered totally useless as a result of Flakes's actions; and it cost $657.00 to replace. Flakes contends that this evidence of value was insufficient because there was no showing of the cost to repair the phone, or of its brand, make or model. However, "[a] jury is in no event absolutely bound by opinion evidence, and as to everyday objects . . . they may draw from their own experience in forming estimates of market value." (Citation and punctuation omitted.) *Hayes v. State*, 139 Ga. App. 316 (1) (228 SE2d 585) (1976); see also *Bereznak v. State*, 223 Ga. App. 584 (1) (478 SE2d 386) (1996) ("The cost of an item, so long as it is coupled with

other evidence of its condition before and after the damage, may allow the jury to determine the value of damage to everyday items."). Undoubtedly, a cell phone is a commonly used item, and M. G.'s testimony as to its condition before and after Flakes's attack, as well as its replacement value, was sufficient to permit the jurors to apply their everyday experience to the determination of its value. See *Bereznak*, 223 Ga. App. at 584 (1); see also *Holbrook v. State*, 168 Ga. App. 380 (1) (308 SE2d 869) (1983) ("[W]hen the witness pays the monetary amount necessary to make his property whole again, he thereafter is not stating his *opinion* as to the value, but is stating a *fact*.") (emphasis in original).

For all of these reasons, we affirm the trial court's denial of Flakes's motion for new trial.

*Judgment affirmed. Dillard, P. J., and Mercier, J. concur*.

9