**FIFTH DIVISION
MCFADDEN, P. J.,
BROWN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**May 31, 2023**

# In the Court of Appeals of Georgia

A23A0334. WALKER v. THE STATE.

BROWN, Judge.

Following a jury trial, Joshua Walker was convicted of five counts of reckless conduct (as lesser included offenses to the indicted offenses of aggravated assault) and one count of criminal damage to property in the second degree. Walker appeals from the denial of his motion for a directed verdict on the latter count. In his sole enumeration of error, he contends that because the State failed to prove the value of the victim's automobile either before or after the incident and provided no testimony as to the cost of repair, insufficient evidence supports his conviction for criminal damage to property in the second degree. For the reasons explained below, we disagree and affirm.

On appeal the evidence must be viewed in the light most favorable to support the verdict, and the defendant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether under the rule of *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense. Moreover, the test established in *Jackson* is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence.

(Citation and punctuation omitted.) *Clyde v. State*, 298 Ga. App. 283 (680 SE2d 146) (2009). The State charged Walker with criminal damage to property in the second degree for "intentionally damag[ing] a vehicle, the property [of his girlfriend's father], without his consent, said damage exceeding $500.00. . . ." Viewed in the light most favorable to the verdict, the evidence shows that Walker and the mother of Walker's five-year-old son were living together in August 2018, when the two got into an argument and Walker told his girlfriend not to "make [him] beat [her] ass today." The girlfriend's father had come over to pick up an older child and when the girlfriend also decided to leave with the five-year-old child in the father's pick-up truck, a 2013

2

Chevrolet Silverado, Walker grabbed his gun and began firing in the direction of the vehicle at least four times, striking the truck. Photographs admitted into evidence show damage to the hood and the "ranch hand" bumper. The father testified as follows regarding the damage to his vehicle:

Q: Talking about your truck, did it receive any gunfire?

A: Was it hit?

Q: Yes.

A: Yes.

Q: All right. Tell me about it.

A: There was three places on the hood, one in the front bumper; and actually there was one on that little bar coming down where the windshield is.

Q: . . . Was — was there any bullet holes in your truck prior to you going over?

A: Oh, no. I'm real peculiar [sic] about that truck.

The father also confirmed that the photographs admitted at trial depicted his truck after it was hit with gunfire and also identified an area on the hood where a bullet knocked

off paint. According to the father, the gunfire made three marks on the hood of his vehicle, in addition to an "indention" on the bumper, and a mark on the "rail" by the windshield.

A body-shop owner testified that he observed several areas of the father's truck that needed repair, including the brush guard, the hood, the headlight, and the fender. The body-shop owner gave the father an estimate of $2,257 to repair the damage to the vehicle, which included labor and parts, and estimated that the cost to repair/replace the ranch hand bumper alone was "$1500 or so." The owner of the body shop did not repair the vehicle.

OCGA § 16-7-23 (a) (1) provides that "[a] person commits the offense of criminal damage to property in the second degree when he . . . [i]ntentionally damages any property of another person without his consent and the damage thereto exceeds $500.00." The value of the damage to the property "may be established by several means." *Spann v. State*, 250 Ga. App. 354, 355 (551 SE2d 755) (2001).

> For example, a lay witness may give opinion testimony as to such value, subject to stating the factual predicate on which the opinion is based or otherwise showing that he or she had the opportunity to form a reliable opinion. Alternatively, the cost of an item may be sufficient to show the value of damage to everyday items if supported by other evidence

4

showing the before and after condition of the item. Additionally, evidence of the cost to repair an item may also suffice.

(Citations and punctuation omitted.) *Wynn v. State*, 344 Ga. App. 554, 556 (811 SE2d 53) (2018).

We find no merit in Walker's contention that because there was no testimony as to the value of his girlfriend's father's 2013 Chevrolet Silverado pick-up truck either before or after the incident, the trial court erred in denying his motion for a directed verdict. The State "may prove damages by establishing the fair market value of an item before and after it was damaged." See *Wynn*, 344 Ga. App. at 557, n.16, citing *In the Interest of E. W.*, 290 Ga. App. 95, 97 (3) (658 SE2d 854) (2008), overruled on other grounds, *In the Interest of N. T.*, 355 Ga. App. 205, 212 (2), n.7 (843 SE2d 877) (2020). But the State may also prove the fair market value of damage to property by offering evidence of the cost to repair an item. See *Wynn*, 344 Ga. App. at 556. Here, the body-shop owner testified that he provided an estimate of $2,257 to repair the damage to the pick-up truck, and that the cost to repair/replace the ranch hand bumper alone was "$1500 or so." This evidence was sufficient to support Walker's conviction of criminal damage to property in the second degree and the trial court correctly denied his motion for a directed verdict. See *Johnson v. State*, 260 Ga. App. 413, 415 (579

5

SE2d 809) (2003) (evidence sufficient to support defendant's conviction of criminal damage to property in the second degree where evidence from a body-shop employee placed the cost of repairing victim's vehicle at $1,216). Compare *In the Interest of J. T.*, 285 Ga. App. 465, 465-466 (1) (646 SE2d 523) (2007) (reversing trial court's denial of juvenile's motion to dismiss charge of criminal damage to property in the second degree where victim testified that she obtained two estimates to repair damage to her vehicle both exceeding $500, but never testified to any specific value of vehicle or the original cost of the vehicle or what condition the vehicle was in; additionally, no repairs were undertaken to the vehicle and no witness from the body shop testified regarding the amount of the estimates or what the estimates entailed); *In the Interest of A. F.*, 236 Ga. App. 60 (1) (510 SE2d 910) (1999) (vacating juvenile's adjudication for the offense of criminal damage to property in the second degree where the only evidence of damage in excess of $500 was the victim's testimony that she obtained an estimate to repair her van in the amount of $605 from "the dealer" which was inadmissible hearsay and victim acknowledged that the damage to her van was not repaired for this price).

*Judgment affirmed. McFadden, P. J., concurs. Markle, J., concurs fully and specially.*

6

# In the Court of Appeals of Georgia

A23A0334.WALKER v. THE STATE.

MARKLE, Judge, concurring fully and specially.

I agree that our case law holds that proof of the cost of repair can be enough to establish an amount of damages under OCGA § 16-7-23 (a) (1), and therefore I concur in the opinion. I write separately, however, to express my concerns that this is sufficient.

Under OCGA § 16-7-23, the value of the damage is an essential element of the offense. *Wynn v. State*, 344 Ga. App. 554, 556 (811 SE2d 53) (2018). Generally, the State may prove damages by establishing the fair market value of an item before and after it was damaged. See id. at 558, n. 16; see also *Spann v. State*, 250 Ga. App. 354, 355 (551 SE2d 755) (2001). Indeed, the suggested pattern jury instruction reads:

7

The burden of proof is on the State to prove that the damage, if any, exceeded $500. In that connection, the damage to be determined is the difference between the fair market value of the alleged property immediately before the damage and the fair market value of the alleged property after the damage, if any.

Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2022) § 2.68.24.[1]

Despite this language in the suggested jury instruction, we have allowed the State to meet its burden by showing the cost of the damaged item along with "other evidence of its condition *before and after* the damage."(Emphasis supplied.) *Bereznak v. State*, 223 Ga. App. 584 (1) (478 SE2d 386) (1996). To that end, we have held the evidence sufficient to establish damage where "the State . . . submits evidence of the cost to repair the property in conjunction with photographs of the damage." *Motes v. State*, 352 Ga. App. 707, 709 (834 SE2d 565) (2019); see also *Elsasser v. State*, 313 Ga. App. 661, 662 (1) (722 SE2d 327) (2011).

---

[1] "It is well-established that jury instructions do not need to track, exactly, the language of pattern jury instructions. Rather, trial courts should tailor their charges to match the allegations of indictments[.]" (Citation and punctuation omitted.) *Showers v. State*, 353 Ga. App. 754, 760 (2) (b) (ii) (839 SE2d 245) (2020).

8

However, I can see no reason for allowing an estimate of the repair cost to represent the fair market value of the property *before and after* the damage. Either the jury instruction warrants updating, or our case law has become too lenient.

The facts of this specific case highlight my concerns in this regard. Here, there was testimony as to the estimate to repair the vehicle, and there were two pictures depicting only the areas on the truck that were damaged. There were no other photos of the damage, no photos of the entire truck, and no testimony about its condition prior to the damage or its fair market value at any time. The victim testified only that he was "real peculiar" about his truck. In closing argument, defense counsel asserted that the State had to prove fair market value beyond a reasonable doubt, and the estimate was insufficient to meet that burden. In its closing, the State remarked that the jury could use the repair estimate to determine fair market value. But, the trial court gave only the pattern jury instruction cited above, and did not instruct the jury they could use the estimate or their own knowledge of the value of everyday items, such as a car, to determine the value of the damage beyond a reasonable doubt. *Flakes v. State*, 365 Ga. App. 97, 101 (b) (877 SE2d 635) (2022) (generally, "as to everyday objects [the jury] may draw from their own experience in forming estimates of market value.") (citations and punctuation omitted). Then, despite the complete

9

absence of *any* testimony as to market value of the truck before and after the damage, the jury returned a guilty verdict.[2] We can uphold this conviction because our case law authorizes the State to meet its burden with the meager evidence presented here. *Motes*, 352 Ga. App. at 709; *Elsasser*, 313 Ga. App. at 662 (1). But perhaps it should not.

---

[2] There was testimony that repair of the bumper would cost at least $1,500.